# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: WELLBUTRIN SR ANTITRUST LITIGATION | : : : | CIVIL ACTION NO. 04-5525 |

---

| | | |
|---|---|---|
| MEDICAL MUTUAL OF OHIO, INC. | : | CIVIL ACTION NO. 05-396 |
| v. | : | |
| GLAXOSMITHKLINE PLC, et al. | : | |

## MEMORANDUM

**Stengel, J.**                                                                                                   **August 31, 2010**

GlaxoSmithKline PLC, et al, is accused by plaintiffs of unlawfully extending its monopoly over Wellbutrin SR, an anti-depressant with the active ingredient buproprion hydrochloride ("BH"). Specifically, plaintiffs claim GSK obtained one of its patents covering sustained release of BH, the '994 patent, through fraud on the Patent and Trademark Office; that it filed sham litigation claiming infringement of the '994 patent; and that it filed sham litigation asserting infringement of the '798 patent. Plaintiffs claim GSK's sham lawsuits were designed to extend its monopoly by preventing generic manufacturers of sustained release Wellbutrin from entering the market.

On March 31, 2010, this Court issued orders resolving GSK's motion for summary judgment on all claims, and partial motion for summary judgment relating to the '994 patent. GSK's motion for summary judgment on all claims relating to the '994 patent was

granted, and its motion for summary judgment on all claims was denied. The underlying facts of the plaintiffs' claims, and GSK's arguments for dismissal, are set forth in the memoranda that accompany the orders, and I will not repeat them here.

GSK filed a motion for reconsideration of this Court's denial of the motion for summary judgment on all claims on April 14, 2010. It argues essentially that this Court made an error of law by improperly applying the summary judgment standard to the facts of this case. A motion for reconsideration should be granted if the moving party has shown that the court made a manifest error of law in deciding the disputed issue. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

In denying GSK's motion for summary judgment on all claims, I found that a genuine issue of material fact existed concerning whether GSK had probable cause to win its patent infringement suit. GSK cites language in my opinion that a factfinder could conclude that the prosecution history of the '798 patent evidences a clear surrender of buproprion compositions containing HPC and argues that this language shows that I misunderstood the nature of the summary judgment inquiry in a sham litigation case. It claims that my "holding that there is a genuine factual issue means that GSK could have won and therefore *Eon* was no sham." Mot. For Reconsideration, 5. It claims also that I failed to consider whether GSK could have won the Eon infringement suit, asking instead only whether it could have lost. Id. at 4. The plaintiffs respond that GSK's arguments

confuse an issue of fact with a finding of fact, pointing out that my opinion concluded not that GSK did or did not have a reasonable chance of success in its infringement suit, but rather, that an issue of fact exists about whether GSK had a realistic chance of success or not.

In Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc., et al, 508 U.S. 49, 60, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993), the Supreme Court set forth a two part test to determine whether a defendant has engaged in sham litigation. The first prong of that test is at issue here. In order to state a claim for sham litigation, a plaintiff must first show that the lawsuit alleged to have been a sham was "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." Id. The Court further explained that "[t]he existence of probable cause to institute legal proceedings precludes a finding that an antitrust defendant has engaged in sham litigation. . . . Probable cause to institute civil proceedings requires no more than a 'reasonable belief that there is a chance that a claim may be held valid upon adjudication.'" Id. at 62-63.

In my opinion denying GSK's motion for summary judgment, I concluded I could not determine the existence of probable cause as a matter of law, because there remains a question of fact whether HPC, the chemical excipient used by Eon in its generic version of Wellbutrin, was foreseeable for use with BH at the time GSK applied for and was granted its patent for Wellbutrin SR. I denied summary judgment because:

> A jury could . . . find that HPC was known and recognizable to GSK when it narrowed the scope of the '798 patent. It also could find that GSK could not

realistically expect success on the merits of a suit alleging infringement under the doctrine of equivalents by products containing HPC, because it had failed to seek patent protection for BH compositions containing HPC in the '798 patent.

GSK now claims that I "framed the issue backwards" because "[t]he question is not whether a finder of fact 'could' have ruled against GSK in the patent suit. It is whether GSK had a chance to win." Mot. For Reconsideration, 4.

I will deny GSK's motion for reconsideration. I acknowledge that there is little caselaw directly on point in answering the question of how the traditional summary judgment standard applies in a sham litigation action. But I believe the opinion of Judge Young in In re Relafen Antitrust Litig., 346 F. Supp. 2d 349 (D. Mass. 2004), is instructive. Faced with a motion for summary judgment in a sham litigation case there, Judge Young ruled that granting such a motion is inappropriate when the underlying predicate facts of a lawsuit are in dispute. Citing Professional Real Estate, Judge Young ruled that "the relevant 'predicate facts' are not only the facts determined in the prior lawsuit, but also those facts tending to prove or disprove the existence of probable cause," and that, when those predicate facts are in dispute, 'it becomes the duty of the trial court to submit the question to the jury." Relafen, 346 F.Supp.2d at 360-61 (internal citations omitted). In Relafen, the defendants on summary judgment argued that ordinary chemists in the defendant's position would have mentally disregarded a scientific article's prior naming of a drug for which it later sought patent protection as a typographical error, while the plaintiffs claimed that the defendant's own scientists would not have mentally

disregarded the article's mention of the drug. Id. at 361-62. Judge Young concluded that, because the state of the defendant's knowledge was material to the probable cause analysis, and was disputed by the parties, there remained "a disputed factual issue that the Court was duty-bound to submit to the jury." Id. at 362.

I believe I am faced with a similar situation. Regardless of whether my opinion "framed" the issue to GSK's liking, plaintiffs have presented evidence sufficient to create a material issue of fact concerning what GSK knew when it amended its patents for Wellbutrin SR and when it filed infringement lawsuits against generic drug manufacturers. GSK's knowledge is the material fact at issue, and the state of GSK's knowledge will determine at trial whether it had probable cause to file its infringement lawsuits. I note that, in its own motion, GSK argued that "summary judgment is warranted if a fact finder applying that stringent [clear and convincing evidence] standard could not reasonably find for Plaintiffs." Mot. For Summary J., 12. We found that the facts presented by the plaintiffs, when viewed in the light most favorable to them as the non-moving party, met the clear and convincing evidence standard and that therefore, summary judgment was not warranted in GSK's favor.

I will deny the motion for reconsideration.